■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS DRAZEN, Appellant. — Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered December 17, 1982, upon a verdict convicting defendant of two counts of the crime of grand larceny in the second degree and one count of the crime of scheme to defraud in the second degree. Defendant's conviction stems from the perpetration of a fraudulent scheme involving the rental of television sets, video cassette recorders, and certain other appliances from two Broome County rental agencies, Rent-A-Center and Colortyme. He represented that he was in the business of subletting these goods to various friends and acquaintances. After making timely rental payments for about one month, defendant ceased providing the rental firms with the weekly fees which were due. Attempts to recover the articles, which numbered 53 in all and had a total estimated retail value of $36,000, proved fruitless. Given the jury's finding of guilt, the case against defendant, though entirely circumstantial, must be viewed in the light most favorable to the prosecution (*People v Kennedy,* 47 NY2d 196, 203). Evaluated from this standpoint, the record clearly supports the conclusion that defendant intentionally sought to deprive the rental agencies of their property for his own benefit by means of a carefully planned and systematic scheme. He signed the rental agreements in his own name and, when requested, provided Rent-A-Center with the name of the "third person renters" who were allegedly to use the equipment. Eight of these "renters" testified that they had neither authorized defendant to effect such rentals nor received from him any of the goods specified in the rental contracts. In fact, several of the witnesses said they barely knew defendant. When Rent-A-Center became suspicious of defendant's subleasing arrangements, he simply shifted his rental efforts to Colortyme where he engaged in essentially the same practice. When confronted with his default in payments, defendant engaged in a deceptive course of conduct, offering first to return the goods and then to purchase all or some of them; no such returns or purchases were ever

made and the whereabouts of the merchandise was never disclosed. To counter this compelling circumstantial case, defense counsel suggested that one of the persons who had helped defendant deliver and pick up the appliances had made off with them. This inconclusive speculation does not at all diminish the force of the prosecution's evidence. Finally, we note that the concurrent sentence imposed, one to three years on each grand larceny count and one year on the scheme to defraud count, was well within the trial court's discretion. Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.